976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert MEDLEY, Defendant-Appellant.
 No. 91-5897.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 5, 1992
Decided: September 11, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CR-90-188)
 Harold Johnson Bender, LAW OFFICES OF HAROLD J. BENDER, Charlotte, North Carolina, for Appellant.
 Frank DeArmon Whitney, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 Thomas J. Ashcraft, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILLIAMS, Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Appellant Robert Medley was convicted of conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine in violation of 21 U.S.C. § 846 (1988). He has filed this appeal seeking reversal of his conviction on the following three grounds: (1) Appellant assigns error to the trial court's joinder of three indictments for trial, (2) Appellant assigns reversible error to the trial court's admission of expert testimony concerning the street value of cocaine and (3) Appellant assigns several errors to the trial court's application of the sentencing guidelines in computing Appellant's sentence. For the following reasons, this Court disagrees with Appellant's contentions and affirms the decision below.
 
 
 2
 On December 12, 1990, two indictments were issued. The first, No. 90-188, charged Appellant and Walter Lee Chambers ("Chambers"), as well as eleven other individuals, with violating 21 U.S.C. § 846 by allegedly conspiring to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C.s 841(a)(1) and § 843(b) (hereinafter "drug conspiracy"). On that same day, Chambers, James Isaac Johnson ("Johnson"), and twenty-one other individuals were charged in a second indictment, No. 90-186, with a conspiracy to engage in illegal gambling and money laundering (hereinafter "money laundering conspiracy"). Appellant was not referred to in this indictment.
 
 
 3
 Still another indictment, No. 91-87 (hereinafter"added drug conspiracy"), was issued on June 3, 1991, mirroring the drug indictment of January 19, 1990, charging Johnson as sole defendant. This indictment named various individuals, including Appellant and Chambers as co-conspirators.
 
 
 4
 On June 21, 1991, the United States moved the court to consolidate Docket Numbers C-CR-90-186-MU ("drug conspiracy"), C-CR-90188-MU ("money laundering conspiracy") and C-CR-91-87-MU ("added drug conspiracy"). Chambers supported this motion and Appellant objected.
 
 
 5
 The court, in granting the motion, found as follows:
 
 
 6
 That the defendants charged in the three indictments are alleged to have participated in the same series of transgressions and that these acts or transgressions are connected together or constitute part of a common scheme or plan. Therefore, joinder of these actions is proper under Rule 8(a) and (b).
 
 
 7
 The court went on to find that the joinder would not unfairly prejudice Appellant.
 
 
 8
 The record reflects that by the time of trial only three defendants remained: Appellant, Chambers and Johnson. The record further reflects that apparently 33 of the 36 original defendants had entered into plea agreements with the government.
 
 
 9
 The court's decision to allow joinder of the indictments and trial is one which is to be reviewed by this Court under an abuse of discretion standard. See United States v. LaRouche, 896 F.2d 815 (4th Cir. 1990); see also United States v. Santoni, 585 F.2d 667 (4th Cir. 1978).
 
 
 10
 The propriety of allowing joinder of indictments is governed by Rule 8(a)-(b) Fed. R. Crim. Proc., as well as Rule 13, Fed. R. Crim. Proc.
 
 
 11
 Among the factors to consider with regard to the issue of separate trials, a trial court must weigh the inconvenience and expense to the government and witnesses of separate trials against the prejudice to the defendants inherent in a joint trial. The trial court's determination in this regard is not to be disturbed unless the denial of a severance deprives a defendant of a fair trial and results in a miscarriage of justice. United States v. Santoni, 585 F.2d at 674.
 
 
 12
 We cannot from this record find any abuse of discretion on the part of the trial judge, nor can we find any miscarriage of justice. Indeed, overwhelming evidence was presented against Appellant. The inculpating evidence was supplied to a great extent by his co-conspirators.
 
 
 13
 The record reflects that the consolidated "drug indictments" were mirror images of each other and could not possibly have caused any confusion in the minds of the jurors. The slight difference between the two is simply that in drug indictment 90-188, Appellant, Chambers and a number of other parties were named as defendants, while in drug indictment 91-87, only Johnson was a named defendant; Appellant, Chambers and others were, insofar as that indictment reflected, unindicted co-conspirators. Money-laundering indictment 90-186, while not naming Appellant as either a defendant or a co-conspirator, named both Chambers and Johnson as defendants along with a number of other individuals.
 
 
 14
 Moreover, the trial court was sensitive to the defense's concern regarding the joinder and reminded the jury a number of times that Appellant was not on trial for money laundering. See United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987), United States v. Cole, 857 F.2d 971, 974 (4th Cir. 1988).
 
 
 15
 Appellant's reliance upon United States v. Goss, 329 F.2d 180 (4th Cir. 1964), is misplaced. In Goss, a number of defendants were indicted in a one count, single conspiracy which the evidence disclosed contained, in fact, multiple conspiracies. In the instant case, separate conspiracies for separate criminal conduct, all constituting a common scheme or plan, were alleged and proved.
 
 
 16
 Appellant next contends that the trial court erred in admitting the testimony of an officer of the Vice and Narcotics Bureau of the Charlotte Police Department. His testimony dealt with the retail street cost of a kilogram of cocaine in Charlotte, North Carolina, during the period of the alleged cocaine conspiracy for which the defendant was indicted. In addition to the trained officer's testimony, a number of co-conspirators testified as to the highest and lowest amount of currency that they had either handled or seen while engaging in and associated with their illegal drug activities at what was known as a drug house. We find it not unusual that the average layman inexperienced in the operations of cutting, bagging and retailing cocaine would have little or no knowledge of its worth. The testimony of the officer as well as that of the co-conspirators is both relevant and of intended assistance to the jury in determining the value of the drugs involved in Appellant's drug indictment. See United States v. Safari, 849 F.2d 891, 895 (4th Cir. 1988).
 
 
 17
 In addition to the testimony already referred to, a special agent of the IRS Criminal Investigation Division testified regarding the quantity of cocaine distributed. Appellant's contention that such testimony was cumulative is simply not tenable. At the very least, it corroborated the testimony of other witnesses including the Charlotte Police Officer.
 
 
 18
 Even if this Court were to conclude that the admission of the testimony was error, harmless error applies. As stated in United States v. Jones, 913 F.2d 174, 177 (4th Cir. 1990), the test for harmless error is whether it is "clear beyond a reasonable doubt that the jury would have returned a verdict of guilty" without the testimony of either the Charlotte Police Officer or the special agent of the IRS Criminal Investigation Division. Indeed, the evidence was overwhelming as to not only the defendant's guilt, but the quantity of cocaine involved in his conspiracy.
 
 
 19
 Appellant also maintains that the trial court erred in computing his base offense level in denying his motion to adjust his criminal history category as applied to the sentencing guidelines. Under United States Sentencing Guidelines § 1B1.3(n)(1), a defendant is held "accountable" for "criminal activity [of the conspiracy] that was reasonably foreseeable by the defendant." The evidence disclosed that the defendant had been involved in a conspiracy for more than forty months; in addition, he was described as a tough manager by one of his codefendants, and the district court which heard the testimony specifically found that the appropriate offense level was 34 (for the distribution of 15-50 kilograms of cocaine). The evidence fully supported the trial court's conclusion in this regard.
 
 
 20
 Appellant's contention that it was improper for the court to place his base offense level higher than those of his co-defendants who entered into plea agreements is fallacious. Defendant may not challenge his sentence on the ground that a co-conspirator "was sentenced differently." See United States v. Cough, 907 F.2d 1441, 1447 (4th Cir. 1990); see also United States v. Pearce, 893 F.2d 669, 678 (5th Cir. 1990).
 
 
 21
 Lastly, the defendant contends that the court had inappropriately considered what he believes was an unconstitutional misdemeanor conviction in 1981. That conviction was recorded on a 3 X 5 card instead of a certified judgment and conviction form. Though one may be critical of the manner in which the convicting court maintains its records, that has no effect on the validity of the conviction. The district court was well within its power in considering the misdemeanor conviction shown by the record of the clerk of the convicting court.
 
 
 22
 Thus, in view of the foregoing, Appellant's conviction and sentence are
 
 
 23
 AFFIRMED.